UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SHANIA BLUE, BOB MEGNATH, PEDRO PACHECO, TORI BUIE, and THERESA JACKSON,** individually, and on behalf of others similarly situated,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>**BRIDGE LEGAL SUPPORT SERVICES LLC**, an Illinois Limited Liability Company; **BRIDGE LEGAL HOLDINGS LLC**, an Illinois Limited Liability Company, **BRIDGE LEGAL TECHNOLOGY LLC**, an Illinois Limited Liability Company,<br><br>　　　　Defendants. | Case No. 23-cv-03487<br><br>Hon.: Edmound E. Chang |

## ORDER APPROVING FLSA SETTLEMENT

This matter has come before the Court on Plaintiffs' Consent Motion for Settlement Approval (the "Motion") [D.E. 26]. Plaintiffs, without opposition from Defendants, seek an Order: (1) approving the Parties' proposed FLSA settlement; (2) approving Plaintiffs' attorney fees and costs as reasonable; and (3) approving the Parties methodology for distributing notice of the settlement and the opt-in procedure to participate in the settlement. Having considered the papers filed in support of the Motion, the arguments of counsel, and the law, the Court now enters this Order and FINDS, CONCLUDES, and ORDERS as follows:

　　　　1.　　　　All initial-capped terms contained herein, unless otherwise defined, shall have the same definitions as set forth in the Parties' settlement Agreement, which is attached to the Motion as Exhibit 1 [D.E. 26-1].

　　　　2.　　　　The Court hereby approves the Parties' Agreement in its entirety as a fair and

reasonable resolution of the disputed FLSA claims in this case. Although the U.S. Supreme Court has not yet definitively decided how to evaluate FLSA settlements, the Civil Rule 23 class-action analogue is helpful in this context (and arguably an FLSA evaluation is less demanding because members must opt into the settlement rather than opt out). Here, the litigation risks and costs readily support the reasonableness of the settlement. The defense could have insisted on individual arbitrations, and the parties also would risk the unknown resolution of the contractor-versus-employee classification dispute. Yet the collective will obtain full recovery of the unpaid overtime as reflected on the submitted invoices, along with liquidated damages. The named Plaintiffs adequately represent the Collective, have claims typical of the Collective, and have earned the respective representative awards. The requested attorneys' fees and costs seem, on the surface, to be questionable because the fees and costs exceed the recovery of the Collective. But the key (and unique) point here is that the Collective will be making a full recovery, along with liquidated damages. And the fees and costs were negotiated *separately*. Those two important considerations are crucial to the finding of reasonableness. In addition, the fees represent a reasonable number of hours expended at a reasonable hourly rate, and indeed the requested amount is less than what a lodestar would deliver.

3. Ash Law, PLLC and Morgan and Morgan, P.A. are appointed as Collective Counsel.

4. Collective Counsel's attorney fees and litigation costs of $26,000.00 are approved. The Collective Representative Service Awards in the amount of $6,000.00 are approved. Finally, the Collective Settlement Amount of $18,000.00 for unpaid overtime wages to the Settlement Collective is approved.

5. Within fourteen (14) days of the date of this Order (the Effective Date), the

Defendant will provide Collective Counsel with the Collective List, as provided in section 2.5(A) of the Agreement.

6. Within fourteen (14) days of the receipt of the Collective List, Plaintiffs shall mail the Court-approved Notice of Collective Action Settlement [D.E. 26-4], as specified in section 2.5(B) of the Agreement.

7. Additionally, as set forth in the Agreement, the Settlement Collective members will have forty-five (45) days from the mailing of the Notice to return a completed Claim Form to becoming a Participating Plaintiff. The individual settlement payments will be calculated utilizing the methodology set forth in section 3.1(B) of the Agreement.

8. Within thirty (30) days after the Effective Date, Defendant will issue checks for the attorney's fees and litigation costs, as well as the Collective Representative Awards.

9. Within thirty (30) days after being notified in writing of the total gross amount owed for payment of Individual Settlement Amounts to Participating Plaintiffs, Defendant will deliver to the Collective Counsel the total amount due to all Participating Plaintiffs for their individual Payments. Fourteen (14) days thereafter, Collective Counsel shall issue all Individual Settlement Payments.

10. The Parties are ordered to cooperate to the best of their ability to fulfill all other terms of the Agreement.

11. Finally, it is hereby ordered that this case is dismissed with prejudice, with the Court to retain jurisdiction to enforce the terms of the agreement.

**IT IS SO ORDERED.**

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: December 28, 2023